## M. L. FROST v. FRANK JEROUSEK.[1]

November 9, 1917.

No. 20,551.

**Pleading — departure.**

In an action on a promissory note, in which the answer alleges that the note was without consideration and never became effective, a reply which sets forth the contract under which the note was executed and the actual consideration therefor, tends to show that such defense is not well founded, and is not a departure from the cause of action upon the note.

Action in the district court for Jackson county to recover $130 upon a promissory note. The substance of the pleadings is given in the second paragraph of the opinion. From an order, Nelson, J., striking from the reply certain paragraphs and an exhibit attached thereto, plaintiff appealed. Reversed.

*Knox & Faber,* for appellant.
*E. H. Nicholas,* for respondent.

[1]Reported in 164 N. W. 988.

TAYLOR, C.

Plaintiff appeals from an order which struck out all the new matter in his reply on the ground that it was a departure from the cause of action alleged in his complaint.

Plaintiff brought suit upon a promissory note alleged to have been executed by defendant to the Brown National Bank and to have been indorsed and delivered to plaintiff by the bank. The answer admitted the execution of the note, and then alleged as an affirmative defense that it was delivered to the bank upon the condition that it should not become effective until defendant applied for a loan thereon; that defendant never applied for or received any loan, and that the note was wholly without consideration and void. The reply set forth a contract between defendant and his wife and other landowners as parties of the first part, and plaintiff as party of the second part, whereby plaintiff agreed to construct a tile drain through land belonging to defendant's wife and land belonging to other parties of the first part, and the several landowners agreed to pay him certain specified amounts therefor and to deposit such amounts in the bank before the commencement of the work. The reply further alleged that defendant's wife agreed to deposit $130 as her part of the contract price but did not have the money, and that, by agreement between plaintiff and defendant, the note in controversy was executed for that amount, and was deposited and accepted, before the commencement of the work, in lieu of the money which she had agreed to deposit for her part of the contract price, and that plaintiff thereafter fully performed his contract. The reply contained no demand for relief.

The answer admitted the execution of the note, but sought to avoid liability upon it on the ground that it never became effective and was without consideration. The reply is aimed at this defense, and alleges facts tending to show a consideration for the note, and that the condition upon which it was to become effective had been performed. The cause of action is still based upon the note, and the reply is not a departure therefrom, but tends to support such cause of action by showing that the alleged defense is not well founded.

Order reversed.